IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**TYISHA NELSON**                                                      **PLAINTIFF**

**v.**                        **CASE NO. 2:24-CV-00180-BSM**

**MARIO BROWN**                                                        **DEFENDANT**
Individually and in his Official Capacity
                              **ORDER**

Defendant's motion for summary judgment [Doc. No. 13] is granted.

I.  BACKGROUND

When Forrest City police officers were dispatched to a fight, one of the suspects fled

in a black or gray Ford Fusion with temporary tags in the direction of the St.  Francis County

Detention Center ("jail").   Pl.'s Resp. Def. Statement Undisputed Material Facts (SUMF)

¶¶ 1–3 & 6, Doc. No. 23.  At approximately the same time, Tyisha Nelson was driving her

black Honda Civic with paper tags in the direction of the jail.  *Id*. ¶ 4.  Officer Mario Brown

was driving near the jail and saw Nelson's vehicle.  *Id*. ¶ 7.  When Brown radioed dispatch

about the number of occupants in the suspect's vehicle, he was told it was "a lady and her

kids."  *Id.* ¶ 8.  Brown informed dispatch that he was initiating a stop on a black Honda with

kids in the back seat.  *Id*. ¶ 11.  Brown stopped Nelson and she denied any involvement in

the fight.  *Id.* ¶ 12.

Sergeant Billy Spencer, Brown's supervisor, instructed the officers to detain Nelson

until he got there.  SUMF ¶ 14.  Nelson was handcuffed and placed in the back of Brown's

patrol car.  *Id*. ¶ 16.  Brown then transported Nelson to the jail.  *Id*. ¶ 23.  As Brown escorted

Nelson into the jail, a deputy told Brown that Nelson was not the right person, and within one minute, she was released. *Id*. ¶¶ 24–25.

Nelson is suing Brown in his individual and official capacities under 42 U.S.C. section 1983, under the Arkansas Civil Rights Act, and for false imprisonment. Brown is moving for summary judgment on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in her pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id*. All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Brown's motion for summary judgment is granted and Nelson's claims are dismissed with prejudice. As an initial matter, Nelson failed to respond to the motion for summary judgment on her First Amendment claim, its state law counterpart, and on her failure to train claim. Those claims are therefore dismissed because they have been waived. *Satcher v.*

*Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) (failure to oppose summary judgment constitutes a waiver of that argument).  Nelson's purported malicious prosecution and battery claims are also dismissed because she did not plead them in her complaint.  *See N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1057 (8th Cir. 2004).

A.      Fourth Amendment

Summary judgment is granted on Nelson's claim that Brown lacked probable cause to arrest her because Brown is immune from that claim.

Police officers are immune from civil suits unless they violate a plaintiff's clearly established rights.  *Kelsay v. Ernst*, 933 F.3d 975, 979 (8th Cir. 2019); *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019).  Although Nelson has a clearly established right to be free from a warrantless arrest, this standard is overcome because Brown had probable cause to believe that she was engaged in criminal activity.  *See Rose v. City of Mulberry*, 533 F.3d 678, 680 (8th Cir. 2008) (arrests made with probable cause do not violate the Fourth Amendment);  *Kelsay v. Ernst*, 933 F.3d 975, 979 (8th Cir. 2019); *Morgan,* 920 F.3d at 523 (in determining whether an officer has qualified immunity, courts must answer whether the officer violated a clearly established right).  Based on all of the circumstances and facts available to Brown at the time he arrested Nelson, a reasonable officer would have believed that Nelson was one of the people who fled from the fight.

In fact, in making this decision, the question is not whether Brown actually had probable cause, but only whether he arguably had probable cause.  *Galanakis v. City of*

*Newton, Iowa*, 134 F.4th 998, 1003 (8th Cir. 2025); *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013) (arguable probable cause exists even if officer mistakenly arrests a suspect, so long as the mistake is objectively reasonable). It is undisputed that a dispatcher told Brown that a black or gray Ford Fusion with temporary tags fled the scene of the fight and was heading towards the jail. SUMF ¶ 3. Nelson was driving a black Honda Civic with temporary tags heading towards the jail. *Id.* ¶ 4. Brown asked dispatch about the occupants of the fleeing car and was told that it was a lady and her kids. *Id.* ¶ 8. Nelson was in the car with her two children. *Id.* ¶ 9. It was objectively reasonable for Brown to believe that Nelson was the suspect driving away from the fight. Although unpleasant for Nelson, objectively reasonable mistakes of fact do not violate the Fourth Amendment. *Heien v. North Carolina*, 574 U.S. 54, 60 (2014).

For all of these reasons, Brown did not violate Nelson's clearly established rights. Nelson's discussion about whether Brown was dispatched to a misdemeanor or felony is also unpersuasive because it is immaterial to the Fourth Amendment analysis. *Smithson v. Aldrich*, 235 F.3d 1058, 1062 (8th Cir. 2000). Summary judgment is granted on Nelson's state law counterpart claims for the same reasons. *See* Ark. Code Ann. § 16-123-105; *Whitworth v. Kling*, 90 F.4th 1215, 1218, n. 2 (8th Cir. 2024).

B.    False Imprisonment

Summary judgment is granted on Nelson's false imprisonment claim because Brown had lawful authority to arrest Nelson. False imprisonment is the unlawful deprivation of personal liberty without legal authority. *See Trammell v. Wright*, 489 S.W.3d 636, 638 (Ark.

4

2016).  As discussed above, Brown had legal authority to arrest Nelson.

IV. CONCLUSION

For these reasons, Brown's motion for summary judgment is granted and Nelson's claims are dismissed with prejudice.

IT IS SO ORDERED this 2nd day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE